UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIS COUNTY, TEXAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:10-CV-4363 |
| § | |
| UNION PACIFIC RAILROAD COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Harris County's motion (Doc. 32) to reconsider the Court's previous order denying Plaintiff's motion to remand. In its previous opinion, the Court applied the Fifth Circuit's "as applied" preemption standard to determine that Harris County's condemnation proceeding was preempted by the federal Interstate Commerce Commission Termination Act ("ICCTA"). Doc. 22. The Court determined that the claim "arose under" federal law and therefore was removed to this Court properly and, on that basis, denied Harris County's motion to remand. *Id.* Harris County now moves for reconsideration of that order in light of the recent Fifth Circuit ruling in *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796 (5th Cir. 2011).

Having considered the motion, the responses thereto, and the relevant law, the Court determines that Harris County's motion to remand should be granted.

Standard

Although Plaintiff fails expressly to invoke the provision governing motions for reconsideration, such motions are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served.

If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (*citing Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*). Here, Harris County filed its motion for reconsideration on October 6, 2011, more than 10 days after August 9, the date this Court denied Harris County's motion to remand. *See* Docs. 22, 24. Because Harris County brought its motion for reconsideration more than ten days after the entry of judgment, the Court properly considers the motion under the stricter limitations of Rule 60(b).

Under Rule 60(b), the Court may grant relief from a final judgment when the movant adequately shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied these standards. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Discussion

As the Court stated in its previous order, its federal question jurisdiction is limited to those cases in which "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Nevertheless, a limited "exception to the well-pleaded complaint rule exists when the state law claims alleged are completely preempted by federal law." Doc. 22 at 3 (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). The Court went on to apply the Fifth Circuit's "as applied" preemption test to the facts of this case and determined that Harris County's condemnation proceeding would "'unreasonably burden[] or interfere[]' with Union Pacific's current and projected use of its railroad tracks," that the proceeding therefore was preempted under ICCTA, and that the Court

therefore had jurisdiction over the action.

Between the time the parties submitted the motion and responses on the issue of preemption and the time the Court had an opportunity to rule on the motion, the Fifth Circuit issued its opinion in *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796. In its opinion, the Fifth Circuit stated that "[d]efensive preemption does not create federal jurisdiction" in the context of state law claims that may be preempted by the ICCTA. Rather, state law claims must be completely preempted in order to fall within the narrow exception to the well-pleaded complaint rule and create federal subject matter jurisdiction. *Id.* at 803. The Court's previous opinion failed to acknowledge this distinction. Because the Court previously has found that the condemnation proceeding at issue in this case is not of a sort that attempts to "manage[e] or govern[]" rail transportation, and instead only incidentally affects it, there is no doubt that Harris County's condemnation proceeding is not completely preempted by the ICCTA. Federal subject matter jurisdiction therefore is lacking in this case. *Franks Inv. Co. LLC v. Union Pacific R. Co.*, 593 F.3d 404, 411 (5th Cir. 2010). *See* Doc. 22 at 8.

The error in the Court's previous opinion constitutes a reason justifying relief under Rule 60(b). The Court therefore

**ORDERS** that Plaintiff Harris County's motion for reconsideration is **GRANTED**. Further, the Court

**ORDERS** that this case is remanded to the County Civil Court at Law Number Two of Harris County, Texas.

SIGNED at Houston, Texas, this 20th day of September, 2012**.**

_____
MELINDA HARMON

UNITED STATES DISTRICT JUDGE